UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cesar Q.G.,                                    No. 26-cv-01043-SRB-LIB

    Petitioner,

v.                                             **ORDER**

Pamela Bondi, *et al.*,

    Respondents.

Before the Court is Petitioner Cesar Q.G.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Ecuador. He has lived in the United States since January of 2025. Petitioner resides in Minnesota and, on or about January 26, 2026, was arrested in Minnesota. There is no evidence that he was the subject of a judicial or administrative warrant. Petitioner was subsequently taken into custody in Minnesota and then transferred to El Paso, Texas. Respondents' position is that venue is improper in Minnesota.

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

The Court finds that the District of Minnesota is the appropriate venue to adjudicate this petition as "the venue for habeas petitions allow for equitable concerns such as convenience and appropriateness of the district." *Jose A. v. Noem*, No. 26-CV-480

(JMB/ECW), 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026). In *Jose*, the petitioner was arrested in Minnesota and then transferred to El Paso, Texas. *Id.* at 4. The court found that equitable factors weighed in favor of the District of Minnesota as the appropriate venue and reasoned that

> [V]enue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained individuals to a district of their choosing.

*Id.* at 4-5. Similarly, Petitioner here was arrested by ICE officers on January 26, 2026, and transferred to El Paso, Texas the same day. The transfer was due to bed space concerns. The Court agrees with the reasoning of *Jose* and finds that the District of Minnesota is the appropriate venue to adjudicate this petition.

Although Respondents did not address this issue, the Court, out of an abundance of caution, also finds that Petitioner is not "seeking admission," as set forth in § 1225(b)(2). Therefore, that provision—which mandates detention—does not apply to him. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

The Court further concludes that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with

the reasoning of these cases. "Upon information and belief, Respondents had no such warrant." (Doc. #1, p. 23.)

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately return Petitioner to Minnesota, but no later than 48 hours from the date of this Order.

4. Respondents shall immediately release Petitioner upon his return to Minnesota, but no later than 72 hours from the date of this Order.

5. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

6. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.

7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 10, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge